a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| AHMAD SAMIR #A221-344-759, Petitioner | CIVIL DOCKET NO. 1:25-CV-01397 SEC P |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| ANGEL WOLF ET AL, Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

MEMORANDUM ORDER

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Ahmad Samir ("Samir"). Samir is an immigration detainee at River Correctional Center in Ferriday, Louisiana. He challenges his continued detention.

To determine whether Samir is entitled to relief, he should AMEND the Petition.

I.   Background

Samir alleges that he was ordered removed on January 14, 2025. ECF No. 1 at 5. Samir asserts that he was transported to Texas for removal on July 13, 2025, but ICE "couldn't deport him." ECF No. 1-1 at 3.

Samir claims that, due to civil war and genocide under Taliban rule, his removal is not likely to occur in the reasonably foreseeable future. Accordingly, Samir seeks release from detention.

1

## II. Law and Analysis

An alien may be detained following an order of removal for "a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). According to the Supreme Court, a period reasonably necessary to bring about the alien's removal from the United States is presumptively six months. *Id.*, at 701. Afterward, if the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must either rebut that showing or release him. *Id.*; *see also* 8 CFR § 241.13 (setting forth the *Zadvydas* procedures). The petitioner bears the initial burden of demonstrating that a likelihood of removal in the reasonably foreseeable future does not exist. *Andrade v. Gonzales*, 459 F.3d 538 (5th Cir. 2006).

Samir alleges that his removal is unlikely to occur in the reasonably foreseeable future because of civil war in Afghanistan, and because prior efforts to remove him have failed. Samir should amend his Petition to state what occurred when he was transported to Texas for removal on July 13, 2025, and why he could not be removed on that date. Samir should also state whether travel documents have been issued by Afghanistan or any other country.

## III. Conclusion

Because additional information is required to review Samir's claim, IT IS ORDERED that he AMEND the Petition within 30 days of the filing of this Order to provide the information outlined above.

Failure to comply with this Order may result in dismissal of this action under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. Petitioner is further required to notify the Court of any change in his address under Rule 41.3 of the Local Rules for the Western District of Louisiana.

SIGNED on Monday, October 6, 2025.

                                                                _____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

3