a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

AHMAD SAMIR #A221-344-759,                    CIVIL DOCKET NO. 1:25-CV-01397
Petitioner                                                              SEC P

VERSUS                                                  JUDGE TERRY A. DOUGHTY

ANGEL WOLF ET AL,                          MAGISTRATE JUDGE PEREZ-MONTES
Respondents

---

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Ahmad Samir ("Samir").  Samir is an immigration detainee at River Correctional Center in Ferriday, Louisiana.  He challenges the legality of his continued detention.

Because Samir establishes entitlement to relief, the Petition and Amended Petition (ECF Nos.1, 4) should be GRANTED.

I.    Background

Samir alleges that he is a native and citizen of Afghanistan who was ordered removed on January 14, 2025.  ECF No. 1 at 5.  Samir asserts that he was transported to Texas for removal on July 13, 2025, but ICE "couldn't deport him."  ECF No. 1-1 at 3.  He was then transferred to a staging facility at the airport in Alexandria, Louisiana, where he remained for nine days.  ECF No. 4 at 1.  Then Samir was transferred back to River Correctional Center.  *Id.*  When Samir asked immigration

1

officials why he was not deported, he was informed that the Government has no travel documents for his removal. *Id.*

Samir alleges that his removal is not likely to occur in the reasonably foreseeable future due to civil war in Afghanistan, genocide under Taliban rule, lack of travel documents, and two failed efforts to remove him. Accordingly, Samir seeks release from detention. ECF No. 4.

The Government asserts that Samir entered the United States illegally on an unknown date and time, but he was encountered by border patrol officers on October 14, 2024, and detained on October 22, 2204. ECF No. 11-1 at 1. After determining that Samir did not establish a credible fear of persecution, an immigration judge ordered him removed on January 14, 2025. *Id.* at 2.

Samir completed a travel document application on January 31, 2025. *Id.* On March 24, 2025, Enforcement and Removal Operations ("ERO") "contacted headquarters for guidance with Kam Air." *Id.* The case officer then asked Samir to find relatives to help with removal. *Id.* On May 21, 2025, ERO sent a request for travel documents to the U.S. Embassy in Qatar for delivery to the Afghan Embassy. *Id.*

Samir asked that the negative credible fear finding be reconsidered, but the request was denied on July 22, 2025. *Id.*

ERO requested status updates on September 16 and December 28, 2025, and was told travel document requests are still pending. *Id.*

## II.   Law and Analysis

This Court has jurisdiction to consider Samir's challenge to his continued post-removal order detention. *See Nguyen v. Noem*, No. 5:25-CV-176, 2026 WL 237282, at *6 (S.D. Tex. Jan. 28, 2026) ("Mr. Nguyen contests only his post-removal-period detention . . . rather than any aspect of his underlying removal order or the decision by DHS to execute it.  Thus, . . . the Court retains jurisdiction to review his detention."); *Kokoreva v. Unknown Party*, No. 3:25-CV-1700, 2025 WL 2981626, at *2 (N.D. Tex. Oct. 7, 2025) ("[T]he Court retains jurisdiction to review a noncitizen's detention insofar as that detention presents constitutional issues, such as those raised in a habeas petition.") (quotation omitted), *report and recommendation adopted*, No. 3:25-CV-1700, 2025 WL 2980642 (N.D. Tex. Oct. 22, 2025); *Yousef v. Warden Richwood Corr. Ctr.*, No. 25-CV-1947, 2025 WL 3784489, at *2 (W.D. La. Dec. 10, 2025), *report and recommendation adopted*, No. 25-CV-1947, 2026 WL 19378 (W.D. La. Jan. 2, 2026).  Because the Court has jurisdiction to consider Samir's claims, it turns now to the merits.

After an alien is ordered removed, the Government has 90 days with which to effectuate the removal.  *See* 8 U.S.C. § 1231(a)(1)(A).  However, § 1231 permits detention beyond 90 days, for a period reasonably necessary to bring about that alien's removal from the United States.  *See Zadvydas*, 533 U.S. at 701.  In fact, detention for up to six months is "presumptively reasonable."  *Id.*  Afterward, if the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must either rebut that

showing or release him. *Id.; see also* 8 CFR § 241.13 (setting forth the *Zadvydas* procedures). The petitioner bears the initial burden of demonstrating that a likelihood of removal in the reasonably foreseeable future does not exist. *See Andrade v. Gonzales*, 459 F.3d 538 (5th Cir. 2006). The alien's claim must be supported by more than mere "speculation and conjecture." *Idowu v. Ridge*, No. 03-cv-1293, 2003 WL 21805198, *4 (N.D. Tex. Aug. 4, 2003) (citing *Fahim v. Ashcroft*, 227 F. Supp. 2d 1359, 1366 (N.D. Ga. 2002)).

Here, a final order of removal was entered on January 14, 2025. More than six months have passed since that order was issued. Thus, Samir has been detained beyond the presumptively reasonable period, and the presumption of reasonableness no longer applies. *See Shengelia v. Ortega*, 5:25-CV-1545, 2025 WL 3654368, at *3 (W.D. Tex. Dec. 16, 2025).

Samir has satisfied his initial burden of demonstrating that a likelihood of removal in the reasonably foreseeable future does not exist. He has been detained by the Government for more than 12 months since his removal order became final on January 14, 2025. He asserts that no other country will accept him, and the civil conflict in Afghanistan and genocide under Taliban rule make his removal highly unlikely. ECF No. 4.

The Government claims that Samir alleges no barriers to his removal. ECF No. 11 at 6-7. This is inaccurate. The Government merely fails to address the barriers that Samir presents. Nor does it explain why Samir was transported to staging facilities in Texas and Alexandria, Louisiana, purportedly for removal.

Finally, the Government does not represent that Afghanistan is even accepting the return of Afghan nationals from the United States. Although the Declaration of Assistant Field Office Director Charles Ward confirms that the May 2025 request for Afghanistan transportation documents remains "pending," there is no evidence of any likelihood of removal in the reasonably foreseeable future, much less a significant one.

Samir has plainly provided good reason to believe there is no significant likelihood of his removal in the foreseeable future, and the Government has failed to meet its burden to refute that assertion.

Whatever latitude § 1231(a)(6) and executive policy may afford for temporary, good-faith efforts to secure travel documents, they do not permit the Government to detain a non-citizen indefinitely while it waits on speculative, undefined, and shifting possibilities of removal to a country whose willingness to receive him remains uncertain. *See Zadvydas*, 533 U.S. at 689–701.

## III. Conclusion

Because Samir is entitled to relief under *Zadvydas*, IT IS RECOMMENDED that the Petition and Amended Petition (ECF Nos. 1, 4) be GRANTED, and Samir released from detention.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and

Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, March 2, 2026.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE